## Ex parte J. I. BARNETTE.

No. A-5403.   Opinion Filed Jan. 27, 1927.
(232 Pac. 456.)

(Syllabus.)

1. **Habeas Corpus—Writ not Intended as Substitute for Appeal.** The writ of habeas corpus is not intended to operate as a writ of error or certiorari, and cannot be substituted for an appeal. There must be illegality or irregularity sufficient to render the proceedings void.

2. **Same—Relief from Conviction Only Where Judgment Shown Void.** Where petitioner is imprisoned under a judgment of conviction, unless the court was without jurisdiction to render the particular judgment, and the judgment is void and not merely voidable, relief cannot be had by habeas corpus.

3. **Same—Mere Irregularities not Considered on Application for Writ.** On an application for a writ of habeas corpus, errors or irregularities, not jurisdictional, will not be considered.

4. **Same—Judgment of Conviction Regular on Face not Subject to Collateral Attack.** A judgment of conviction of a court of record, imposing fine and confinement, is not subject to collateral attack on habeas corpus, where it appears regular on its face.

Petition of J. I. Barnette for writ of habeas corpus to be directed to R. D. Sanford, Sheriff of Tulsa County. Denied.

George Paschal and J. L. Ward, for petitioner.

The Attorney General, for respondent.

DOYLE, J.  The petition shows that the petitioner, J. I. Barnette, in November, 1923, in the municipal court of the city of Tulsa, was convicted on a charge of transporting intoxicating liquors and sentenced by the court to pay a fine of $50 and be confined in the Tulsa county jail for 30 days; that petitioner is now held in custody under such sentence, and prays that a writ of habeas corpus issue to R. D. Sanford, sheriff of Tulsa county, to the end that the petitioner may be released from such imprisonment.

It appears that the regular judge of the municipal

court disqualified himself in the case and, by agreement of the parties, G. S. Long, as special judge, tried the case. That on the 21st day of November, 1923, petitioner filed a motion for a new trial; that the trial court set no day for sentence or judgment of the court, and none was ever set, and the motion for new trial was never passed upon; that thereafter on the 31st day of December, 1924, G. E. Warren, the regular judge of said court who had disqualified, issued a commitment in said cause, upon which commitment your petitioner is now being held by the sheriff of Tulsa county; that the charter of the city of Tulsa provides the manner in which a special judge or judge pro tem. may be appointed, and limits the authority to appoint such judge to the city commissioners of said city; that G. S. Long, special judge, never took the oath of office or qualified to act as a special or judge pro tem. of said court; that the entry on the minutes of the court of the trial of petitioner, which is alleged to have been signed by G. S. Long, as the trial judge, bears a forged signature of said trial judge, and in addition thereto bears the rubber stamp signature of the regular judge of said court.

Attached to said petition is an affidavit of G. S. Long, corroborating these allegations. Attached thereto also is a duly certified copy of the commitment issued in said cause.

It is well settled that, if a person is restrained of his liberty under an absolutely void judgment, he may be discharged on habeas corpus. To obtain release by such a proceeding, the judgment or sentence must be more than merely erroneous; it must be an absolute nullity. In re Wilkins, 7 Okla. Cr. 422, 115 P. 1118.

The general rule is that, when a court has jurisdiction of the offense charged and of the party who is so charged, its judgments are not nullities. It is only when the court pronounces a judgment in a criminal case which is not

authorized by law, under any circumstances, as in the particular case made by the pleadings, whether the trial has proceeded regularly or otherwise, that such judgment can be said to be void, so as to justify the discharge of the defendant, held in custody under such judgment.

Our statute provides that:

"No court or judge shall inquire into the legality of any judgment or process, whereby the party is in custody, or discharge him when the term of commitment has not expired in either of the cases following:

"Fourth. Upon a warrant or commitment issued from the district court, or any other court of competent jurisdiction, upon an indictment or information." Comp. Stats. 1921, § 432.

This court on habeas corpus will not look beyond the judgment and sentence of any court of competent jurisdiction as to mere irregularities of procedure, or errors of law on questions over which the court had jurisdiction.

The writ of habeas corpus is not designed to operate as a writ of error or certiorari, and does not have that effect. It deals only with irregularities which render the procedings void. A judgment of conviction in a court of record is not subject to collateral attack on habeas corpus, where it appears regular on its face. The municipal court of the city of Tulsa was by statute made a court of record, and it goes without saying that its record cannot be collaterally impeached by the affidavit of a special judge, judge pro tem., or any other person, in a habeas corpus proceeding.

For the reason stated the writ of habeas corpus was and is denied.

BESSEY, P. J., and EDWARDS, J., concur.