## Ex parte ART OVERBY.

No. A-7410. Opinion Filed July 6, 1929.
(279 Pac. 523.)

Hall & Thompson, for petitioner.

M. W. McKenzie, Mun. Con., A. L. Hull, Ass't. Mun. Con., and Bliss Kelly, Ass't. Mun. Con., for respondent.

EDWARDS, P. J. This is an original proceeding in habeas corpus. Petitioner alleges that he is unlawfully restrained of his liberty in the city jail of Oklahoma City by the chief of police; that petitioner was arrested charged with a violation of a city ordinance in the operating, and being in the control, of the operation of a slot machine in a public place. Petitioner alleges that said ordinance is unconstitutional, and its enactment not within the valid exercise of the police power. The chief of police has filed his response, admitting the restraint of petitioner upon a complaint charging a violation of a city ordinance; a copy of the ordinance and the complaint is attached to said response. That part of the section of the ordinance in question here involved is as follows:

"It shall be unlawful and an offense for any person, firm or corporation to operate or be in control of the operation of any mechanical device, contrivance or instrumentality, ordinarily known as a 'slot machine' or wherein or whereby upon a deposit therein of a coin, slug or token, there is received in

exchange, depending upon chance, any money, or any card, paper, check, token, slug, or other evidence of winning, or which card, check, token, slug, or other evidence of winning is, or may be exchanged or redeemed for anything of value or may be deposited in such device and exchanged thereby for merchandise, money, or cards, papers, checks, tokens, slugs, or other additional evidence of winning, or which slot machine shall vend any merchandise in varying quantities, such quantities in any way depending upon chance. * * *"

The penalty for violation is fixed by a general ordinance of the city.

The complaint under which defendant is held alleges that defendant did "* * * then and there unlawfully and contrary to the ordinances of the city commit the offense of operating a public nuisance, that is to say, the said Art Overby did have under his control the operation of a mechanical device, ordinarily known as a 'slot machine' to wit: A Mills O. K. Mint Vending Machine, wherein upon a deposit therein of a coin, there is received in exchange, depending upon chance, checks or other evidence of winnings which may be exchanged for anything of value or which may be deposited in such device and exchange thereby for merchandise to wit: Mints. * * *"

There is no particular controversy about the facts which are stipulated or shown by the oral evidence. It was shown that petitioner at his place of business was operating a machine described as follows: A metal box containing a quantity of mints or candy confections in 5-cent packages, with a slot at the top. In the upper part of the box are three revolving cylinders with colored pictures and printed matter on the outer part. When a 5-cent coin is deposited in the slot, a lever at the side pulled and a knob below turned, in each instance one and only one

package of mints or confection is dropped into a tray at the lower part of the machine. By the same operation the cylinders revolve, and, when they come to rest a fixed pointer is directed to one of the pictures and printed matter thereon. This printed matter consists of silly or frivolous statements referred to as fortune telling. When the machine is thus operated, in addition to the mints or confections dropped into the tray, at intervals metal slugs from two to twenty in number also drop into the tray. These slugs have printed on one side: "Loaned for amusement only," and on the other side: "No cash or trade value whatever." Near the top of the machine are two signs one reading: "Tokens received from this vender are of no value. Tokens may be used to replay this vender for the customer's sole amusement." The other reading: "A package of confectionery vends with each five cents. Confectionery not vended with amusement tokens." The contract between petitioner and the owner and lessor of the machine is in evidence, and provides that the tokens used in the machine shall not be redeemed in any manner by cash or merchandise by the lessee. Nor shall he permit any one else to redeem them for either cash or trade. It is stipulated that the petitioner has operated the machine in conformity to his contract, and that the metal tokens have not been redeemed in any manner.

A slot machine is not per se a gambling device. 12 R. C. L. 729; 27 C. J. 968; Nelson v. State, 37 Okla. Cr. 90, 256 Pac. 939. It is only when a slot machine comes within a definition of a gambling device, as where it delivers some commodity in a varying quantity, or where the player may receive, depending on chance, something of value or a token of some kind redeemable for something of value, or where there is some other element which appeals to the gambling instinct, that it is a gambling de-

vice. 27 C. J. 989; 2 Bouvier, Law Dict. (Rawle) Gambling, p. 1330; 4 Words and Phrases, First Series, p. 3029; State v. Johnson, 15 Okla. Cr. 460, 177 Pac. 926; Nelson v. State, supra. Where the commodity vended by a machine is unvarying, where no check or token of any value or redeemable or playable for anything of value in addition to the commodity vended is received, it is not a gambling device.

This case is before us, however, on the question only that the ordinance is unconstitutional, and, unless it is made to appear that it is unconstitutional, this court may not in habeas corpus proceedings determine the question of guilt or innocence. Habeas corpus cannot take the place of a writ of error or of an appeal, although this rule is applied with less strictness to proceedings in police courts than to other courts. Where a person is properly charged with an offense in a police court under a valid ordinance, he cannot by a proceeding in habeas corpus try the question of his guilt or innocence. Upon a proceeding in habeas corpus, he may question only the constitutionality of the ordinance and the jurisdiction of the court. The ordinance here under consideration properly defines a gambling device; that is, if the word "or" following the words "slot machine" as first used in the ordinance be held to have no meaning. The ordinance would then read:

"It shall be unlawful and an offense for any person * * * to operate * * * any mechanical device, contrivance or instrumentality, ordinarily known as a slot machine (or) wherein or whereby," etc.

When so read, the legislative intent being to prohibit the operation of a slot machine wherein and whereby, upon the deposit of a coin therein, depending upon chance, merchandise may be received in a varying quantity or

some token of some value or redeemable in something of value may be received in addition to the commodity dispensed, such a machine would be a gambling device and its operation an offense. An ordinance to prevent the operation of such a gambling device is a proper exercise of the police power. The ordinance complained of is not unconstitutional, and the police court has jurisdiction. It follows that the writ must be denied.

DAVENPORT and CHAPPELL, JJ., concur.