### Ex parte WALDOCK.

No. 20604. Opinion Filed Feb. 25, 1930.

Rehearing Denied April 8, 1930.

F. E. Riddle, J. C. Walton, and J. T. Dickerson, for petitioner.

J. Berry King, Atty. Gen., and P. K. Morrill, Asst. Atty. Gen., for the State.

HEFNER, J. This is an original proceeding in this court for a writ of habeas corpus. The petitioner alleges that he is unlawfully restrained of his liberty and confined in the state penitentiary by virtue of a commitment on a judgment of conviction rendered in the district court of McCurtain county. He was sentenced for a term of five years' imprisonment for the crime of embezzlement. From the judgment of the district court he appealed to the Criminal Court of Appeals, and the judgment was there affirmed. Waldock v. State (Okla. Cr.) 276 Pac. 509.

Upon the presentation of petition to this court a rule to show cause was issued. The petitioner contends that the information charged a misdemeanor and for that reason the district court had no jurisdiction and all of its proceedings were void. If the district court did not have jurisdiction, its proceedings were void and the writ should issue. To determine whether or not the court had jurisdiction, it is necessary to make an examination of the facts, and especially the allegations in the **information** filed against the petitioner.

Omitting the formal parts, the information is as follows:

"A. J. Waldock, on the 20th day of December, 1924, was a trustee of McCurtain county, a municipal corporation, for the purpose of receiving and disbursing the proceeds received from the sale of certain funding bonds of McCurtain county. * * * That as such trustee as aforesaid there came into the control and possession of him, the said A. J. Waldock, for and on account of McCurtain county, Okla., the proceeds from the sale of certain funding bonds aforesaid $66,000; the said A. J. Waldock as trustee, as aforesaid, received and took control and possession of said money for and on account of McCurtain county, and on the 26th day of June, 1925, and while acting as trustee as aforesaid the A. J. Waldock did fraudulently embezzle, convert, and appropriate a sum of money in the amount of the value of $9,948.-30, the same being the personal property of McCurtain county, Oklahoma."

Petitioner claims that the facts alleged charge a misdemeanor under section 4278, C. O. S. 1921, relating directly to the violation of the provisions contained in article 4 of chapter 25, in connection with the funding of municipal indebtedness. The section is as follows:

"Any person who shall appropriate or use, or aid or abet in appropriating or using, any of the funds or moneys mentioned in this article, for any other purpose than as in this article provided, shall be deemed guilty of a misdemeanor, and on conviction thereof shall be fined in a sum equal to the amount of money appropriated or used, and imprisoned in the county jail for not less than three nor more than twelve months, and shall also be liable in a civil action for the amount so misappropriated or used, to be prosecuted by any such bond-holder or other party entitled thereto."

The state contends that the facts alleged are sufficient to constitute the crime of embezzlement, in accordance with the provisions of section 2124, Id., which is as follows:

"If any person being a trustee, banker, merchant, broker, attorney, agent, assignee in trust, executor, administrator or collector, or being otherwise entrusted with or having in his control property for the use of any other person, or for any public or benevolent purpose, fraudulently appropriates it to any use or purpose not in the due and lawful execution of his trust, or secretes it with a fraudulent intent to appropriate it to such use or purpose, he is guilty of embezzlement."

In reference to the punishment for embezzlement, section 2132, Id., provides:

"Any person guilty of embezzlement is punishable in the manner prescribed for feloniously stealing property of the value of that embezzled. And where the property embezzled is an evidence of debt or right in action, the sum due upon it, or secured to be paid by it, shall be taken as its value."

Larceny is defined by section 2104, Id., as follows:

"Grand larceny is larceny committed in either of the following cases:

"First. When the property taken is of value exceeding twenty dollars.

"Second. When such property, although not of value exceeding twenty dollars in value, is taken from the person of another.

"Larceny in other cases is petit larceny."

The punishment for larceny is fixed by section 2105, Id., as follows:

"Grand larceny is punishable by imprisonment in the penitentiary not exceeding five years."

Upon an application for a writ of habeas corpus the court will examine only the power and authority of the trial court to act. If the trial court had the jurisdiction and power to act, the correctness of its conclusions will not be reviewed. Before the trial court could have finally acted and deprived the petitioner of his liberty, it was necessary for it to have had jurisdiction of the subject-matter and of the person of the defendant, and to have had jurisdiction to render the particular judgment rendered. If the trial court did not have jurisdiction of the person of the defendant, or if it did not have jurisdiction of the subject-matter, or if it did not have jurisdiction to enter the particular judgment, then its judgment would be void, and the writ should issue.

Under article 7, section 12, of the Constitution, and the laws of this state, the county courts and courts of justices of the peace have jurisdiction of crimes designated as misdemeanors, and the district courts do not have jurisdiction of such offenses. The district courts have exclusive jurisdiction of crimes designated as felonies. Do the allegations in the information charge a misdemeanor or a felony, and what court has jurisdiction to determine that question?

The jurisdiction of a court is its power to hear and determine a question. Jurisdiction of the subject-matter of an action is conferred upon the court by law, and the allegations in the indictment or information determine the jurisdiction of the court. When an indictment or information is presented to a court, it becomes its duty to determine whether or not the facts alleged in the pleadings are sufficient to constitute the crime attempted to be charged. The petitioner in this case challenged the jurisdiction of the district court. He urged that the facts stated in the information were not sufficient to charge the offense of embezzlement under section 2124, supra, but contended that the information on its face disclosed that the offense charged was a misdemeanor, based on section 4278, supra. It was the duty of the district court to examine the information and the allegations therein contained, and to hear and determine the question as to whether or not the allegations, and the proof in support thereof, were sufficient to constitute the crime of embezzlement, as defined in section 2124. It did hear and did determine that question, and held against the contentions of petitioner.

Since the district court of McCurtain county is a court of general jurisdiction, the presumption is in favor of its jurisdiction, yet the fact that it assumed jurisdiction did not necessarily mean that it had jurisdiction, or that it had jurisdiction to render the particular judgment rendered. Under the statutes referred to above, when the property embezzled exceeds the value of $20 the offense is punishable by imprisonment in the penitentiary not exceeding five years, and is a felony. In other words, it is punished in the same manner as the crime of grand larceny. The information certainly attempted to charge the petitioner with embezzlement in the sum of $9,948.30, and when the information was presented to the trial court it was its duty to determine whether or not it had jurisdiction of that class of cases attempted to be charged in the pleading. For example, suppose a person is charged with the crime of murder. Under the Constitution and laws of this state the district courts have jurisdiction of that class of cases. When the information or indictment is presented to the trial court, it becomes its duty to determine whether or not the acts alleged to have been committed are sufficient to constitute the offense attempted to be charged. That is a question peculiarly within its jurisdiction, and one it must determine. Since it has jurisdiction to determine that question correctly, it also has jurisdiction to determine it incorrectly. The fact, however, that it may make an error and determine the question incorrectly does not deprive it of jurisdiction.

In the case at bar the information at least attempts to charge that the petitioner fraudulently embezzled $9,948.30. The Constitution and laws of this state confer upon the

district courts jurisdiction to try that class of crimes known as embezzlement, when the amount embezzled is alleged to be more than $20. The amount charged to have been embezzled in the information was $9,948.30. That allegation was sufficient to invoke the jurisdiction of the district court as to the subject-matter. Wheth r or not the acts alleged in the information were sufficient to constitute embezzlement in that amount was a question for the determination of the trial court.

If the information had charged the petitioner with the fraudulent embezzlement of $15, then the district court could have no jurisdiction of the subject-matter, because cases of embezzlement involving that amount are misdemeanors, and jurisdiction to try such cases is conferred by our Constitution and statutes upon courts other than the district courts. If it had assumed jurisdiction in such a case and rendered judgment against the defendant, the judgment would have been void.

The district court of McCurtain county had jurisdiction of the person of petitioner. It had jurisdiction to try the subject-matter, or that class of crimes attempted to be charged. The punishment assessed was five years in the penitentiary. This was within the punishment allowed by law. The court, therefore, had jurisdiction to render the particular judgment. Suppose, for example, that the district court had assessed the punishment at 25 years' imprisonment in the penitentiary. That judgment would have been void, because it would have assessed a greater punishment than is allowed by law. In such a case it would not have had jurisdiction to render that particular judgment.

Since the amount alleged to have been embezzled was within the jurisdiction of the district court, it had jurisdiction to determine whether or not the allegations in the information were sufficient to harge the crime of embezzlement, as defined in section 2124, supra. Whether that question was rightfully or wrongfully determined cannot be reviewed on an application for a writ of habeas corpus. If any errors were committed there, the only way they could be reviewed was by appeal to the Criminal Court of Appeals. Section 3047, C. O. S. 1921, is as follows:

"The Criminal Court of Appeals shall have exclusive appellate jurisdiction, co-extensive with the limits of the state, in all criminal cases appealed from the dist et superior and county courts, and such other courts of record as may be established by law."

It is apparent from this section of the statutes that the Criminal Court of Appeals has exclusive appellate jurisdiction in criminal cases. By reference to the opinion of that court it will be seen that the petitioner there urged that the district court of McCurtain county was without jurisdiction to try him. He urged there, as here, that section 2124, supra, was not applicable, but that he should have been proceeded against, if at all, under section 4278, supra. The Criminal Court of Appeals held, as did the district court, that the allegations of the information were sufficient to constitute the crime of embezzlement, as defined by section 2124, supra. As to whether or not the allegations in the information were sufficient to constitute that crime, as defined by that section, the judgment of the Criminal Court of Appeals is final and cannot here be reviewed.

It therefore follows that the application for the writ of habeas corpus must be denied, and the petitioner is remanded to the custody of the warden of the state penitentiary at McAlester.

MASON, C. J., and CLARK, RILEY, CULLISON, SWINDALL, and ANDREWS, J J., concur. LESTER, V. C. J., concurs in conclusion.