## CHARNER M. TIDWELL v. STATE.

No. A-11101.    Jan. 5, 1949.

(201 P. 2d 800.)

Charner M. Tidwell, of McAlester, pro se.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, J.  The petitioner, Charner M. Tidwell, brought this original action in habeas corpus to secure his release from confinement in the State Penitentiary.

In the verified petition it is alleged that petitioner was charged in the district court of Delaware county with the crime of murder; that he entered a plea of not guilty, but was tried and convicted by a jury and sentenced to serve 30 years' imprisonment for murder. The petition recites the purported facts in the alleged charge of murder against the said Charner M. Tidwell, and further recites the evidence allegedly introduced against him by the state in the trial of said case.

It is further contended that the trial court failed to correctly instruct the jury and that the commitment by which the petitioner is confined in the penitentiary is invalid.

We have examined the certified copies of the papers attached to the petition, together with the supporting papers attached to the response filed on behalf of the warden.

It appears that the petitioner was charged with murder and was found guilty of the included offense of manslaughter in the first degree and sentenced to serve 30 years' imprisonment in the State Penitentiary. There is nothing in the record to show that the judgment and sentence is void, or that the court who pronounced the judgment was without jurisdiction.

Unless the judgment and sentence is void for lack of jurisdiction, the Criminal Court of Appeals will not in a habeas corpus proceeding interfere with a judgment pronounced by a trial court.

In the recent case of Ex parte Matthews, 85 Okla. Cr. 173, 186 P. 2d 840, this Court held:

"On habeas corpus, court generally will pursue its inquiry only through the record of proceedings and judg-

203

ment or sentence, and unless it is affirmatively shown by the record, or the face of judgment or sentence, under which petitioner is confined, that judgment or sentence is void, he is not entitled to his discharge and writ will be denied."

The writ of habeas corpus is denied.

BAREFOOT, P. J., and BRETT, J., concur.