## Ex parte TIDWELL.

No. A-11454.  Sept. 27, 1950.

(222 P. 2d 760.)

Charner M. Tidwell, pro se.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

POWELL, J. Petitioner, Charner M. Tidwell, has filed in this court his petition for writ of habeas corpus, alleging in effect that he is illegally and unlawfully restrained of his liberty and freedom in the Oklahoma State Penitentiary at McAlester by the warden C. P. Burford.

It appears that his confinement is by reason of his conviction in the district court of Delaware county of the crime of murder, for which he was sentenced to serve 30 years, he having been found guilty of the included offense of manslaughter in the first degree.

In his petition it is alleged that petitioner was denied his legal and constitutional rights in that the trial court refused to permit him to call certain witnesses; that certain witnesses he desired received no subpoenas; petitioner then recites what he claims to be the facts in the case, and alleges that the killing was in self-defense. He alleges that certain witnesses testified falsely against him, claims that the county attorney committed reversible error in asking petitioner highly improper and highly prejudicial questions when defendant testified in his own defense at trial, and that the county attorney followed this up by prejudicial and improper argument to the jury; that the court erroneously instructed the jury; that petitioner was not financially able to procure a copy of the record to submit to the court on habeas corpus; that his attorney entered the military service and that he was not financially able to employ an attorney and perfect his appeal, and sets out other alleged errors.

Attached to the petition are certain photostat copies, as follows: Copy of the clerk's minutes of the trial, copy of affidavit of E. H. Beauchamp, one of petitioner's attor-

neys at the trial; and of a letter of the trial judge refusing to have made at state's expense record of trial proceedings; copy of complaint, marriage license of Henry Christer and Lillie Christer, and of letter of certain witnesses requesting new trial for petitioner.

The matters complained of cannot be considered in habeas corpus proceeding, but if borne out by the record would have been of importance if defendant had perfected an appeal, and could have resulted in a new trial or material reduction of sentence. But, as repeatedly held by this court, in a habeas corpus proceeding a defendant imprisoned under judgment of conviction cannot secure discharge unless court without jurisdiction and its judgment was void, however numerous and gross the errors may have been at trial. Ex parte McDaniel, 55 Okla. Cr. 115, 25 P. 2d 1118; Id., 53 Okla. Cr. 435, 18 P. 2d 287; Ex parte Waldock, 142 Okla. 258, 286 P. 765, dismissed, Waldock v. Newell, 282 U.S. 906, 51 S. Ct. 100, 75 L. Ed. 797; Ex parte Cranford, 3 Okla. Cr. 189, 105 P. 367; Ex parte Lyde, 17 Okla. Cr. 618, 191 P. 606; Ex parte Caveness, 3 Okla. Cr. 205, 105 P. 184; In re McNaught, 1 Okla. Cr. 260, 100 P. 27; In re Flowers, 71 Okla. Cr. 330, 111 P. 2d 509; Ex parte Vanderburg, 73 Okla. Cr. 21, 117 P. 2d 550.

In Ex parte Overby, 43 Okla. Cr. 400, 279 P. 523, this court held that a person cannot be released on habeas corpus by showing innocence of offense charged. And it has uniformly been held that the scope of review on habeas corpus is limited to an examination of the jurisdiction of the court whose judgment of conviction is challenged. Ex parte Robnett, 69 Okla. Cr. 235, 101 P. 2d 645; Ex parte Keel, 62 Okla. Cr. 277, 71 P. 2d 313.

It appears from the records of this court that this same petitioner filed his petition for writ of habeas cor-

pus on the 22nd day of July, 1948, and that this court, in an opinion delivered on January 5, 1949, denied his petition. See Tidwell v. State, 88 Okla. Cr. 201, 201 P. 2d 800. In that case the allegations in effect were substantially the same as here stated. Petitioner was represented at trial in the district court of Delaware county by two able and experienced attorneys, and there was no attempt on the part of the petitioner to appeal from the judgment and sentence rendered.

It was held in Ex parte Davis, 74 Okla. Cr. 75, 123 P. 2d 300, and affirmed in Ex parte Gray, 74 Okla. Cr. 200, 124 P. 2d 430, Ex parte Peaker, 87 Okla. Cr. 139, 194 P. 2d 893, and other cases:

"Where the Criminal Court of Appeals on final hearing has denied an application for a writ of habeas corpus, it will not ordinarily entertain a subsequent application for a writ based on the same grounds and the same facts, as presented in a former application, or on any other ground or facts existing when the first application was made, whether presented then or not."

We might say that we have carefully examined the petitioner's exhibits, his petition and brief, but do not find set out any grounds or facts not existing when the first application was made, but giving consideration to everything set out, we do not find anything to indicate that the judgment and sentence in this case was void.

Considering as true petitioner's allegations that one of his attorneys entered the military service, yet he was represented by two attorneys, and the elder Beauchamp could have perfected petitioner's appeal, and if the petitioner was without funds, on proper showing the trial court would have ordered the record prepared at the expense of the state. Petitioner apparently did not seek a record until after the time for appeal had expired. The

minutes of the court fail to disclose any irregularities that would make the verdict and judgment void. The exhibits fail to support other allegations of claimed irregularities at trial; one of petitioner's attorneys disclaimed any knowledge of the court refusing to permit any witness permission to testify for defendant at trial; but, as stated, under the long line of decisions rendered by this court, unless the petitioner could show that the judgment and sentence rendered was void, this court would be precluded from exercising jurisdiction on habeas corpus.

Failing to find anything in the record presented to show that the judgment and sentence is void, or that the court who pronounced the judgment was without jurisdiction, the writ of habeas corpus is denied.

JONES, P. J., and BRETT, J., concur.