## Ex parte TIDWELL.

No. A-11595. Dec. 26, 1951.

(239 P. 2d 524.)

Charner M. Tidwell, pro se.

Mac Q. Williamson, Atty. Gen., for respondent.

POWELL, J. Charner M. Tidwell, an inmate of the State Penitentiary, now serving on a sentence of thirty years imposed by a jury, seeks a writ of error coram nobis. He had been charged in the district court of Delaware county with murder, but was convicted of the included offense of manslaughter.

This court on two previous occasions has studied various briefs and records submitted by petitioner involving his conviction, and wherein he sought in each instance to obtain a writ of habeas corpus. For details, and in the interest of brevity, see: Tidwell v. State, 88 Okla. Cr. 201, 201 P. 2d 800, and Ex parte Tidwell, 92 Okla. Cr. 263, 222 P. 2d 760.

Petitioner here and now complains that he was prejudiced at his trial because the State failed to have the main prosecuting witness testify, and that if he could have had such witness cross-examined it would have been beneficial to his defense, and he now wants to use other witnesses he did not use or was unable to use at the trial, and wants a new trial. He complains that he was charged with murder, but convicted of manslaughter, claims various Federal statutes were violated; and that people out of other states were used as jurymen. And in brief, it is stated:

"Your petitioner don't know whether he killed anybody or not * * *. The information states that the man was beat, that he languished and died. If the man was beat, then your petitioner never killed the man."

The petitioner was represented at trial by two able attorneys. We must assume that they had definite information as to what the testimony of the State's witnesses would be, and had opportunity to present, and did present, evidence in behalf of defendant, if there were witnesses favorable to his theory. Counsel could have subpoenaed any witnesses they might have cared to use, including witnesses subpoenaed by the State. While the charge was murder, manslaughter is, of course, an included offense. The unsupported statement that jurymen from other states were used is a new statement. The grounds advanced for the writ are not tenable.

In Gibson v. State, 87 Okla. Cr. 260, 197 P. 2d 310, this court said:

"The writ of coram nobis, or writ of error coram nobis, as it is sometimes termed, was a common law writ which developed in the early stages of common law procedure because of the absence at that time of the right to move for a new trial and the right of appeal from the judgment. State ex rel. v. Sullivan, 86 Okla. Cr. 364, 193 P. 2d 594.

"The right of the defendant to file a motion in arrest of judgment, motion for new trial because of newly discovered evidence, and other statutory remedies have largely if not entirely superseded the office and functions of the old common law writ. The writ of coram nobis has never been issued by the Criminal Court of Appeals of Oklahoma; although, by dicta it has been said in some cases that in appropriate circumstances such a writ may properly issue in this State. State ex rel. Attorney General v. Hurst, 59 Okla. Cr. 220, 57 P. 2d 666; State ex rel. v. Swindall, 33 Okla. Cr. 210, 241 P. 456; State ex rel. v. Sullivan, supra; Ex parte Goff, 87 Okla. Cr. 33, 194 P. 2d 206."

Also, in the recent case of Ex parte Hinley, 94 Okla. Cr. 267, 234 P. 2d 947, 949, it was said:

"We cannot conceive of a situation not covered by the statutory provision on the question of new trial. Of course these rights are no longer the subject of common law but must be exercised in the manner provided by statute. Hence we feel safe in concluding that the writ of error is no longer available in Oklahoma, since that writ has been superseded by the statutory provisions for motion in arrest of judgment and for new trial on the ground of newly discovered evidence."

For the reasons stated, the application for writ of error coram nobis is denied.

BRETT, P. J., and JONES, J., concur.