In the Matter of the Habeas Corpus of E. A. GREGORY, Petitioner.

H. C. McLeod, Warden, Oklahoma State Penitentiary, Respondent.

No. A–12227.

Criminal Court of Appeals of Oklahoma.

Dec. 14, 1955.

E. A. Gregory, pro se.

Mac Q. Williamson, Atty. Gen., James P. Garrett, Asst. Atty. Gen., for respondent.

POWELL, Judge.

This is an original action for a writ of habeas corpus filed by E. A. Gregory, an inmate of the State Penitentiary, McAlester, where he is serving a sentence of twenty years, after conviction in the district court of Tulsa County on a charge of second degree burglary after former conviction of a felony. The judgment and sentence is dated May 13, 1954, and has not been served.

**·834**

Petitioner failed to attach a certified or photostatic copy of the judgment and failed to have the petition verified before a notary public, as required, and the petition was, therefore, subject to demurrer. Ex parte Peck, 96 Okl.Cr. 71, 248 P.2d 655; Tit. 12 O.S.1951 § 1332.

To sustain his application, petitioner alleges:

"That said restraint is against your petitioner's will, and contrary to the Constitution of the State of Oklahoma, Art. 2, § 7, and repugnant to the Constitution of the United States of America, U.S.C.A.Const. Amend. 14, § 1, 'Due Process' and the 'Equal protection' clause in the following abridgment effect, to-wit:

"That is to say that your petitioner sought to have said judgment appealed to the Criminal Court of Appeals for a review of the errors committed and allowed by the trial court during the course of the trial, and which said errors would have been grounds for a new trial or a modification of the sentence so rendered in that your *petitioner was denied the right of witnesses for his defense along with other constitutional denials,* and that is to say further that petitioner made a timely application for said appeal within the statute of limitations to the Clerk of said Court but received no reply therefrom."

The Attorney General on behalf of the respondent has filed a response to the petition and has attached a photostatic and certified copy of the judgment and sentence of which petitioner complains. It is regular on its face. The petition shows that petitioner was represented by the public defender, Mr. Quinn M. Dickason. We discover nothing in the record to show that the court did not have jurisdiction. And as we have so often said, the scope of review on habeas corpus is limited to an examination of the jurisdiction of the court whose judgment of conviction is challenged. Ex parte Robnett, 69 Okl.Cr. 235, 101 P.2d 645.

The burden is on petitioner in a habeas corpus proceeding to show that court which rendered judgment was without jurisdiction. In his petition, the petitioner herein has set out a number of conclusions, but in the matter of the alleged denial of witnesses, he does not set out the names of such witnesses, their addresses, whether or not they were available and what they might have testified to material to his case. This should have been supported, so far as might be, by an affidavit from his counsel or other person having knowledge of the facts. His petition should have been verified. Not only that, but the testimony of the alleged witnesses he claims he was not permitted to subpoena must have been material in establishing the innocence of the petitioner.

The petition does not state facts sufficient to entitle the petitioner to the writ. No record is presented to this court on which an attack on the judgment and sentence may be predicated. Ex parte Pearson, 87 Okl.Cr. 364, 198 P.2d 226; Tidwell v. State, 88 Okl.Cr. 201, 201 P.2d 800.

The writ is denied.

JONES, P. J., and BRETT, J., concur.