**Willard J. MANLEY, Petitioner,**

v.

**Robert R. RAINES, Warden, The Oklahoma State Penitentiary, Respondent.**

**No. A–12783.**

Court of Criminal Appeals of Oklahoma.

Dec. 16, 1959.

Willard J. Manley, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

POWELL, Presiding Judge.

Willard J. Manley seeks his release from the State Penitentiary at McAlester by way of writ of habeas corpus. In his petition, filed pro se, he states that he is confined by reason of a conviction in the district court of Muskogee County on a charge of assault with intent to kill, for which he was assessed a penalty of five years confinement in the state penitentiary.

Petitioner alleges as grounds for release that his court-appointed counsel, Cecil E. Robertson, had been for many years counsel for petitioner's mother-in-law; that it was the wife of petitioner that he was accused of shooting in the head, and that his mother-in-law was prejudiced against him and that the court-appointed attorney, therefore, could not do his best for him. And petitioner further says that he could not have assaulted his wife because he was not present at the time of the alleged shooting. He sets up matters in the nature of an alibi, which presumably the jury considered at time of trial, and rejected. At all events, the matters alleged are things which to be reviewed must come up by way of appeal. Appeal was not perfected.

On the filing of the within petition on June 8, 1959, we made inquiry of trial counsel for petitioner as to whether notice of appeal was given and time granted for preparation of the record, etc. Counsel stated: "I was appointed by the Court to defend Mr. Manley, who was charged with shooting his wife. I did not give any notice of appeal, because there were no errors in the trial, and because Mr. Manley indicated to me that he was satisfied with the judgment and sentence of the court. I talked with him at length after the trial, and he did not mention taking an appeal of the case. I will be pleased to help him in any way I can."

The Attorney General has filed response to the petition, and attaches photostatic copy of the judgment and sentence, showing that on March 18, 1959, petitioner was convicted in case No. 9941 in the District Court of Muskogee County on a charge of assault with intent to kill. Respondent denies that petitioner has set out any facts that would entitle him to the writ sought.

There are just two matters to be passed upon: First, can the sufficiency of the evidence to support petitioner's conviction be reviewed in habeas corpus proceedings? The answer is no. See Tartar v. Burford, 93 Okl.Cr. 281, 227 P.2d 422; Ex parte Tidwell, 92 Okl.Cr. 263, 222 P.2d 760; Ex parte Barnette, 29 Okl.Cr. 80, 232 P. 456.

Second, does the petition set out facts supported by the record, or affidavits, showing that court-appointed counsel failed to faithfully represent petitioner at all stages of his trial, and sentence? We must hold that the petitioner failed to allege any facts to show that his attorney did not represent him faithfully and to the best of his ability at all stages of the proceeding in the district court of Muskogee County. The burden is on petitioner to show facts; to show that he objected to being represented by counsel; that counsel failed in some manner to properly present petitioner's defense, call the witnesses, etc., or object to incompetent evidence the State might have offered.

The petition is devoid of allegations entitling him to any relief on account of being represented by court-appointed counsel. See Ex parte Gray, 71 Okl.Cr. 123, 109 P.2d 513; Ex parte Linam, 71 Okl. Cr. 155, 109 P.2d 838. The penalty on conviction for the crime alleged is incarceration in the State Penitentiary up to 20

years. 21 O.S.1951, O.S.Supp.1959 § 652. Counsel succeeded in getting the penalty fixed at near the minimum.

The writ is denied.

NIX and BRETT, JJ., concur.