James Adrian BROWN, #60924, Petitioner,

v.

STATE of Oklahoma, Respondent.

No. A–14166.

Court of Criminal Appeals of Oklahoma.

Feb. 1, 1967.

James Adrian Brown, petitioner, pro se.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

BRETT, Judge:

James Adrian Brown, #60924, has filed his application in this Court asking for a

writ of habeas corpus and/or post conviction appeal.

Petitioner alleges that he is now an inmate of the Oklahoma State Penitentiary; that on December 10, 1952 he received a sentence of 20 years after a plea of guilty to a charge of robbery with a dangerous weapon. That the judgment and sentence was suspended, but thereafter on May 23, 1958 the suspension was revoked, and he was sent to the penitentiary.

Petitioner states that he was represented at his trial by the firm of Garrett & Garrett, attorneys, of Mangum, Oklahoma, who were employed by his father. Petitioner complains that his sentence was "excessive, cruel and unusual punishment", and that he has not been given proper credit for time served.

This application contains no allegations or statements, and certainly no proof, that would entitle this petitioner to either a writ of habeas corpus or a post conviction appeal.

■ This petitioner has heretofore filed an application to be discharged by habeas corpus, which was denied. Brown v. State, Okl.Cr., 354 P.2d 790. At that time this Court went into the proposition of petitioner's situation very thoroughly. We have repeatedly held that where the Court on final hearing has denied an application for writ of habeas corpus it will not ordinarily entertain a subsequent application for a writ, based on the same grounds and same facts as presented in former application, or any other grounds or facts existing when the first application was made, whether presented then or not. Ex parte Tidwell, 92 Okl.Cr. 263, 222 P.2d 760; In re Tidwell, Okl.Cr., 317 P.2d 1119; Fletcher v. State, Okl.Cr., 385 P.2d 511, and cases cited.

■ The fact that petitioner feels that his sentence is excessive, or that his counsel was incompetent, as alleged, is not grounds for a post conviction appeal, and the same will not be granted on such grounds.

■ Title 21 O.S.A. § 801 provides punishment for the crime of robbery with firearms or any other dangerous weapon, upon conviction therefor, to be "punishment by death, or imprisonment, at hard labor, in the State Penitentiary, for a period of time of not less than five years, at the discretion of the Court, or the jury trying the same." Therefore, 20 years sentence for robbery with a dangerous weapon was not excessive. See: Sutton v. Raines, Okl.Cr., 371 P.2d 499.

Insofar as the petition does not state facts sufficient to show that petitioner was denied any of his constitutional rights, as well as being insufficient to warrant the issuance of a writ of habeas corpus, the application for habeas corpus and/or post conviction appeal must be denied.

NIX, P. J., and BUSSEY, J., concur.