**Vernon Noah BRYANT, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14069.**

Court of Criminal Appeals of Oklahoma.

Nov. 15, 1967.

John Connolly, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

NIX, Presiding Judge.

Plaintiff in Error, Vernon Noah Bryant, was charged by information in the District Court of Oklahoma County with the crime of Robbery with Firearms. He was tried by a jury, found guilty, and his punishment assessed at Twenty-five Years in the penitentiary. From that judgment and sentence he has appealed to this Court, alleging three assignments of error; the first being that the verdict is not supported by sufficient evidence.

This Court has carefully reviewed the evidence presented for the State and for the Defendant, and certainly find it to be sufficient to sustain the verdict of the jury. It is so fundamental and has been stated repeatedly by this Court, as in the case of Goodnight v. State, Okl.Cr., 366 P.2d 957, that:

"It is a well established rule that this Court will not reverse a case for insufficiency of the evidence where there is any substantial evidence upon which a reasonable and logical inference of guilty could be predicated."

Certainly, an eye-witness identification of the defendant, along with other circumstantial evidence, is sufficient.

Defendant's second proposition is that the sentence is excessive. Inasmuch as the defendant could have received the death penalty, or a much greater term of imprisonment, this Court is of the opinion that the sentence is not excessive under the facts.

Defendant's third proposition is that the trial court erred in not granting immunity to defendant's witness, Paul Edward Day.

From the record, it appears that Paul Edward Day was called by the defendant to testify. He stated he knew the defendant; that the defendant did not commit the crime for which he was charged and that he knew who committed the robbery; that if the trial court would grant him immunity from prosecution, that he would tell the court and the jury who committed the offense.

The trial court refused to grant immunity to this witness, who, therefore, claimed his immunity to testify under the Fifth Amendment. It is the position of the defendant that the trial court should have compelled the witness to testify and grant him immunity.

This reasoning has no basis in law or in common sense. A witness, whether or not he is the defendant, cannot be compelled to answer any question which incriminates him or the reply to which would supply evidence by which he could be convicted of a criminal offense, by virtue of a provision common to both State and Federal Constitutions that no person shall be compelled in any criminal case to be a witness against himself.

Thus, a witness cannot be compelled to testify that he, and not the defendant, was guilty of the offense charged. Wharton's Criminal Evidence (12th Edition), § 720.

In Ex parte Tidwell, 95 Okl.Cr. 53, 239 P.2d 524, this Court stated that the defense may call any witness it desires and may have compulsory process to do so, but it may not then compel such witness to testify.

Defendant seeks to have implied from the witness' testimony and action in invoking his privilege against self-incrimination, that, if granted immunity, he would have testified that he himself committed the crime or at least was an accomplice to it. THIS IMPLICATION WAS BEFORE THE JURY, and was certainly favorable to the defendant. Evidently they chose to ignore it, and believe the state's witnesses. At any rate, there is no foundation or merit in defendant's contention.

It is, therefore, the opinion of this Court that the judgment and sentence of the District Court of Oklahoma County be affirmed.

BUSSEY and BRETT, JJ., concur.