James Richard SMITH, Petitioner,

v.

Ray H. PAGE, Warden, Oklahoma State Penitentiary, Respondent.

No. A–14797.

Court of Criminal Appeals of Oklahoma.

Jan. 15, 1969.

James Richard Smith, pro se.

G. T. Blankenship, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., for respondent.

PER CURIAM:

This is an original proceeding in which James Richard Smith, presently incarcerated in the Oklahoma State Penitentiary, has petitioned this court for an appeal out of time. In support of his application Petitioner alleges that he is presently incarcerated under the authority of judgment and sentence from the District Court of Oklahoma County, Oklahoma, wherein he was convicted of the crime of possession of marihuana after former conviction of a felony

and sentenced to ten years imprisonment on April 25, 1966. Petitioner alleges that he has "lived down" his former conviction, that he has a family which he has supported through gainful employment, and that he believes the sentence for possession of marihuana after former conviction of a felony should be modified.

From a review of the petition, response of the state, and appearance docket, it is apparent that Petitioner has alleged no basis for granting of an appeal out of time as authorized by 22 O.S.Supp.1968, § 1073. This statute allowing an appeal out of time authorizes such an appeal only in the event that Petitioner has been denied some right relating to his right to appeal his conviction. In the instant case we find no such denial nor does Petitioner allege such.

From the record it is apparent that Petitioner was represented by retained counsel, Clay Wise at his arraignment, and H. E. Leatherman at his trial. When the judgment and sentence was rendered on April 25, 1966, Petitioner's counsel gave notice of intent to appeal and the court granted additional time in which a casemade could be settled and appeal bond was set in the sum of seven thousand five hundred ($7,500.00) dollars. The record further reflects that Petitioner was free on bond from April 27, 1966, until June 8, 1966. It appears that for one reason or another Petitioner's counsel failed to pursue the perfection of an appeal within the time allowed by statutes and thus abandoned the right to appeal. It is also significant that Petitioner did not sign the prepared paupers affidavit attached to the instant petition. This fact taken into consideration with the fact that he was represented by retained counsel seems to indicate that Petitioner is not suggesting that he was denied his right to appeal due to inadequate funds.

It is fundamental and well established that a plea for modification of a sentence will not be heard on application for writ of habeas corpus or appeal out of time. The question of modification of a sentence is only properly before this court on an appeal. Farris v. State, Okl.Cr., 327 P.2d 706. Brown v. State, Okl.Cr., 423 P.2d 743. If Petitioner had stated grounds for the granting of appeal out of time this court could then properly consider the question of modification of the sentence. However, Petitioner has offered nothing which would justify the granting of an appeal out of time and a request for modification is not a basis to grant such a delayed appeal.

For the foregoing reasons we conclude that the request for an appeal out of time must be denied. Writ denied.

This application was assigned to the Referee, Mr. PENN LERBLANCE, by the Presiding Judge of this Court. The foregoing findings of fact and conclusions of law were submitted by the Referee and approved and adopted by the Court.