Leonard ROGERS, Petitioner,

v.

STATE of Oklahoma, Respondent.

No. A–14851.

Court of Criminal Appeals of Oklahoma.

Feb. 12, 1969.

Leonard Rogers, pro se.

G. T. Blankenship, Atty. Gen., H. L. Mc-Connell, Asst. Atty. Gen., for respondent.

PER CURIAM:

This is an original proceeding in which Leonard Rogers, who is presently incarcerated in the Oklahoma State Penitentiary, has petitioned this court for what he

has styled a "writ of error coram nobis" in which he requests that the judgment and sentence pursuant to which he is presently incarcerated be set aside for the reasons that (1) he was forced and coerced into a plea of guilty and, (2) his sentence is excessive and should be modified. Petitioner thereupon requests that a judicial inquiry be conducted on his petition.

 After a review of the petition it does not appear that this is a situation in which a writ of error coram nobis, the common law remedy for errors of fact to be questioned in an appellate court, would be the appropriate remedy. See Hurt v. State, Okl.Cr., 312 P.2d 169 (1957) and Hendricks v. State, Okl.Cr., 297 P.2d 576 (1956). However, as Petitioner has questioned the validity of the judgment and sentence pursuant to which he is incarcerated we will consider this as an application for a writ of habeas corpus.

 The record reflects that Petitioner pled guilty on October 26, 1966, to the charge of robbery with firearms after former conviction of a felony, Case Nos. 32133, 32134, District Court of Oklahoma County. At the time that Petitioner entered his plea of guilty an instrument entitled "Summary of Facts" was witnessed and signed by the Assistant District Attorney, Petitioner's counsel, the Court Reporter, and the District Judge. The summary of facts indicates that Petitioner acknowledged that he pled guilty of his own free will and for no other reason than his guilt of the crime charged; that he had not been abused, mistreated, or threatened by anyone into entering his plea; and that he understood his right to appeal his judgment and sentence. The appearance docket in Petitioner's case further indicates that on July 22, 1966, Petitioner was arraigned on the above named charge while represented by the Public Defender, Don Anderson, and that on October 26, 1966, when he entered his plea he was represented by T. H. Jordan, of the Public Defender's office.

Upon a review of the petition and the records for the court it does not appear that Petitioner has alleged facts sufficient to justify the granting of any relief either through a writ of habeas corpus or writ of error coram nobis. Nor has Petitioner alleged the denial of any constitutional rights relating to the right to appeal which would justify the granting of an appeal out of time under the authority of 22 O.S.Supp. 1968, § 1073.

Petitioner's allegation that he was harassed and forced into entering a plea of guilty is overcome in view of the summary of facts of the proceedings at the time Petitioner entered his plea and was sentenced in which Petitioner acknowledged that he entered his plea of his own free will and not because of threats, abuse, or mistreatment.

██ Petitioner's second basis for requesting relief is that one co-defendant in his case was acquitted while another co-defendant received a fifteen year sentence and that thus Petitioner's twenty-five year sentence is excessive and should be modified. It is well settled in this court that modification of a sentence is a matter for review on appeal and cannot be considered in a request for habeas corpus. Farris v. State, Okl.Cr., 327 P.2d 706. Brown v. State, Okl.Cr., 423 P.2d 743. Nor does the desire for modification of sentence justify the holding of a judicial inquiry on a request for a writ of error coram nobis.

For the foregoing reasons the writ requested is hereby dismissed and any relief prayed for therein is hereby denied. Writ denied.

This application was assigned to the Referee, Mr. PENN LERBLANCE, by the Presiding Judge of this Court. The foregoing findings of fact and conclusions of law were submitted by the Referee and approved and adopted by the Court.