Arley WARD, Appellant,

v.

Ray H. PAGE, Warden, Oklahoma State Penitentiary, Appellee.

No. 7762.

United States Court of Appeals Tenth Circuit.

Sept. 4, 1964.

Richard W. Bryans, Denver, Colo., for appellant.

Jack A. Swidensky, Asst. Atty. Gen. of Oklahoma (Charles Nesbitt, Atty. Gen. of Oklahoma, with him on the brief), for appellee.

Before LEWIS, BREITENSTEIN and SETH, Circuit Judges.

SETH, Circuit Judge.

The appellant, petitioner below, was charged in 1947 by the State of Oklahoma with murder. During the course of his trial in the District Court of Tulsa County, the record shows that he changed his plea from not guilty to guilty of manslaughter in the first degree. Appellant was then sentenced to a term of forty years. An appeal was taken from a denial of his motion to vacate the sentence, which afforded him no relief. Ward v. State, 90 Okl.Cr. 120, 210 P.2d 790 (1949). Appellant also filed in 1949 a habeas corpus petition which was denied without opinion by the Oklahoma Criminal Court of Appeals. In 1961 he filed another habeas corpus petition with the same court, which was denied, Ward v. Raines, 360 P.2d 953 (1961), on the ground that all matters presented should have been raised on appeal. Appellant then filed this petition for a writ of habeas corpus with the United States District Court for Oklahoma, asserting that he had been denied the right of effective counsel and that the plea of guilty was not a free and voluntary act. A hearing was had by the District Court at which appellant appeared pro se at his request. Witnesses were present and testified. The court refused to issue the writ and this appeal was taken.

Appellant presented two issues to the trial court. The first was that the attorney who represented him at the trial was not of his choice, and was engaged by his family over his objections expressed to the court. Appellant urges secondly that his plea of guilty was not voluntary and was made on the basis of promises of the prosecution which were not carried out.

As to the second point, the record shows the discussion before the court on the change of plea to guilty and shows appellant's insistence that if the plea be changed, a recommendation be endorsed on the commitment that the sentence run concurrently with another sentence he was to serve. This issue of whether the plea was voluntary was raised by the petition and testimony was taken in the hearing below. The trial court however made no finding as to the voluntary nature of the guilty plea and in the order entered made no reference to it. This

was a real issue raised by the appellant's petition; there was evidence on it before the court, and it should have been considered and disposed of by the findings and order.

The case is remanded for findings on the issue of the voluntary nature of the plea, and for further proceedings if required.