Harold Buster PENNY, Petitioner,

v.

Ray H. PAGE, Warden of the State Penitentiary at McAlester, Oklahoma and the State of Oklahoma, Respondents.

No. A–13642.

Court of Criminal Appeals of Oklahoma.

May 19, 1965.

Sid White, Oklahoma City, for petitioner.

Hugh H. Collum, Asst. Atty. Gen., for respondents.

BUSSEY, Presiding Judge.

This is an original proceeding instituted by Harold Buster Penny, an inmate of the State Penitentiary, seeking his release from confinement in the State Penitentiary where he is presently incarcerated by virtue of a judgment and sentence rendered against him by the District Court of Oklahoma County on the 18th day of April, 1961, Case No. 26,782, and praying in the alternative that the sentence of twenty years imprisonment be reduced to a sentence of ten years imprisonment.

Petitioner alleges that on the 20th day of March, 1961, and on advice of counsel, Mr. 'A', he withdrew his plea of not guilty in District Court Case No. 26,782, and entered a plea of guilty to the charge of robbery with firearms, and that said plea was induced by the belief that the Honorable 'X', one of the District Court Judges of Oklahoma County would impose a sentence of ten years.

The petitioner further alleges that the date of judgment and sentence was postponed until the 10th day of April, 1961, and through inadvertence and error, he failed to appear on that date, but did appear on the 18th day of April, 1961 at which time he was sentenced to a term of twenty years in the State Penitentiary. Attached to said petition is a letter of Mr. 'A'.

This matter was set for oral argument on the 10th day of March, 1965, and at the conclusion of the argument, the parties were given additional time within which to submit further proof by way of affidavits.

To support the petitioner's contention that the then Assistant County Attorney 'B' agreed to recommend a sentence of ten years upon a plea of guilty being entered by said petitioner, and the then trial judge acquiesced in said agreement, is a letter and affidavit of Mr. 'A' which reads as follows:

"February 17, 1965

"Mr. Sid White
Attorney at Law
445 Commerce Exchange Building
Oklahoma City, Oklahoma

RE: Harold Buster Penny

"Dear Mr. White:

"On March 20, 1961, I appeared in the District Court of Oklahoma County, Oklahoma with Harold Buster Penny in case no. # 26782 wherein Penny was charged with burglary. At this time Penny withdrew his former

plea of 'not guilty' and entered a plea of 'guilty'. Mr. 'B', assistant county attorney, appeared for the State in this case. At the time of the plea, and in the presence of the Court, Mr. 'B' agreed with the defendant and myself that in consideration of the defendant's change of plea from 'not guilty' to 'guilty' that Harold Buster Penny would be sentenced to ten (10) years. This agreement was made in the presence of the Court while all of us were standing in front of the bench and the Judge acquiesced therein. It is my recollection in this case that the judge was 'X'. At the request of the defendant, the Court deferred sentencing until April 10, 1961 at 9:00 AM, and the defendant's bond was set at $10,-000.00. He was thereafter released on this bond.

"On April 10, 1961, I appeared in the Court of Judge 'X', but the defendant failed to appear and the bond was forfeited. On April 18, 1961 the defendant was present in Court, and I appeared with him before Judge 'X'. The Judge sentenced Penny to twenty (20) years in prison. I recall that I urged the Court to sentence the defendant to the ten (10) years that the Court, Mr. 'B' and I had agreed upon, but the Court refused to do this in view of the defendant's failure to appear on April 10, 1961.

"Both Mr. Penny and myself were certainly under the impression that he would be sentenced to the ten (10) years agreed upon. Otherwise I would certainly have asked the Court to grant the defendant permission to withdraw his guilty plea and stand trial on the charge.

"Very truly yours,
/s/ 'A'
'A' "

"AFFIDAVIT

" 'A', having first been duly sworn on oath, states, that to the best of his abil-ity to recollect, that the following did occur:

"On March 20, 1961, I appeared in the District Court of Oklahoma County, Oklahoma with Harold Buster Penny in case no. 26782 wherein Penny was charged with burglary. At this time Penny withdrew his former plea of 'not guilty' and entered a plea of 'guilty.' Mr. 'B', assistant county attorney, appeared for the State in this case. At the time of the plea, and in the presence of the Court, Mr. 'B' agreed with the defendant and myself that in consideration of the defendant's change of plea from 'not guilty' to 'guilty' that Harold Buster Penny would be sentenced to ten (10) years. This agreement was made in the presence of the Court while all of us were standing in front of the bench and the Judge acquiesced therein. It is my recollection in this case that the Judge was 'X'. At the request of the defendant, the Court deferred sentencing until April 10, 1961 at 9:00 AM, and the defendant's bond was set at $10,000.00. He was thereafter released on this bond.

"On April 10, 1961, I appeared in the Court of Judge 'X', but the defendant failed to appear and the bond was forfeited. On April 18, 1961 the defendant was present in Court, and I appeared with him before Judge 'X'. The Judge sentenced Penny to twenty (20) years in prison. I recall that I urged the Court to sentence the defendant to the ten (10) years that the Court, Mr. 'B' and I had agreed upon, but the Court refused to do this is view of the defendant's failure to appear on April 10, 1961.

"Both Mr. Penny and myself were certainly under the impression that he would be sentenced to the ten (10) years agreed upon. Otherwise I would certainly have asked the Court to grant the defendant permission to withdraw

his guilty plea and stand trial on the charge.

"/s/ 'A'
'A' "

There was also filed on behalf of the petitioner the affidavit of 'B', which reads:

" 'B', having first been duly sworn on oath, states, that to the best of his ability to recollect, that the matters and things contained in the Affidavit of 'A', attorney at law, of Oklahoma City, Oklahoma, made this date did occur.

"DATED this 15th day of March, 1965.

"/s/ 'B'
'B' "

To refute the letter of Mr. 'A' and the affidavits of Mr. 'A' and Mr. 'B', the respondent has filed herein the affidavit of the Honorable 'X', the same providing:

"STATE OF OKLAHOMA, COUNTY OF OKLAHOMA, SS:

"AFFIDAVIT OF 'X'

" 'X', of lawful age, being duly sworn, deposes and states as follows:

"That I was one of the judges act-in cause No. 26,782, State of Oklahoma v. Harold Buster Penny and Jerry Donald Leach, in the District Court of Oklahoma County. That, in particular, I was the judge to whom the case against the defendant, Harold Buster Penney, was assigned for jury trial on March 20, 1961. That on March 20, 1961, the defendant Penney appeared in person and with his counsel before me and voluntarily withdrew his former plea of not guilty and entered a plea of guilty. That the defendant Penney again appeared with his counsel before me on April 18, 1961, and at that time I sentenced him to twenty years in the State penitentiary.

"That there was no agreement between the defendant and myself or between defendant's counsel and myself, or between the prosecuting attorney and myself, or between any other per-

son and myself at the aforementioned times or at any other times as to what sentence the defendant would receive. Nor did I participate or acquiesce in any such agreement between others.

"The proceedings before me in open court on March 20, 1961, and on April 18, 1961, were taken down by the official court reporter of my court and an official transcript thereof is attached hereto, which shows that no agreement in open court was made as claimed by petitioner and his attorney; that petitioner voluntarily changed his plea to the charge from not guilty to guilty when he appeared before me for jury trial; that petitioner stated in open court that no promises had been made by anyone to him to cause him to change his plea to guilty; that no one used any duress or threats against him to cause him to change his plea to guilty; that no recommendation as to the sentence to be assessed against him was made by the County Attorney; that upon being sentenced on April 18, 1961, to twenty years in the Oklahoma State penitentiary, neither the petitioner nor his attorney, Mr. 'A', who was present, raised any objection to the twenty year sentence imposed by the Court, or made any mention of any agreement for a ten year sentence.

"Affiant further states that when Mr. 'C' assumed the office of County Attorney of Oklahoma County, Oklahoma, in January, 1961, he immediately adopted an office policy under which the County Attorney would not recommend any sentence to be assessed against any defendant pleading guilty but that the sentence would be left to the Court without any recommendation forth coming from the County Attorney; that it is the recollection of this affiant that this policy was never changed or deviated from in any case handled by the affiant so long as he was on the State bench during the tenure of Mr. 'C' as County Attorney.

"That I have read the petition filed in cause No. A–13,642 in the Court of Criminal Appeals, and that all allegations therein and in the attached letter of Mr. 'A' dated February 17, 1965, and the endorsement thereon by Mr. 'B', that I was a party to any agreement whereby the defendant would plead guilty in return for a sentence of ten years are false.

"/s/ 'X'
'X'"

Also filed with the affidavit of the Honorable 'X' is a certified copy of the proceedings in District Court Case No. 26,782 on March 20, 1961 and April 18, 1961. The transcription of these proceedings reflect the following:

Proceedings had and held before Honorable 'X', District Judge— Proceedings under date of March 20, 1961.

"THE COURT: Are you ready in No. 26,782, the State of Oklahoma versus Harold Buster Penny?

"MR. 'A': If the Court please, we wish to withdraw our former plea of not guilty to this charge and will ask that sentence be deferred for—about how long would it suit the Court? Ten days would be all right.

"THE COURT: You are going to enter a plea of guilty?

"Mr. 'A': Yes, at this time.

"THE DEFENDANT: Yes, sir.

"THE COURT: The case is not ready for trial then?

"MR. 'A': No, sir.

"THE COURT: You are going to enter a plea of guilty?

"MR. 'A': Yes, sir; you understand we are going to withdraw the plea of not guilty and enter a plea of guilty.

"THE COURT: Now, gentlemen, I want to run over my docket I have set for jury trial before I take this plea."

(After which, the following further proceedings were had in this matter to-wit:)

"THE COURT: Mr. Reporter, this is case No. 26,782, the State of Oklahoma versus Harold Buster Penney, charged with robbery with firearms. Are you Harold Buster Penny?

"THE DEFENDANT: Yes, sir.

"THE COURT: What is your age?

"MR. PENNY: Thirty-nine.

"THE . COURT: Has this defendant been arraigned in District Court?

"MR. 'A': Yes, sir.

"THE COURT: The case stands for jury trial this morning. Are you ready for trial?

"MR. 'A': Ready to plead, Judge.

"THE COURT: Is Mr. 'A' your lawyer?

"MR. PENNY: Yes, sir.

"THE COURT: Let the record show that the defendant is present in open court in person and with his attorney, Mr. 'A'. Now, Gentlemen, tell us what you wish.

"MR. 'A': If the Court please, the defendant has brought his wife home from the hospital just yesterday and has no one to stay with her, and we would like to have the sentence deferred probably for ten days or at the convenience of the court.

"THE COURT: What about your plea of not guilty? Do you wish to change your plea?

"MR. 'A': Yes, we formally state now that the defendant wishes to withdraw his former plea of not guilty and enter a plea of guilty at this time on this charge.

"THE COURT: You have heard your attorney, Mr. 'A', say you desire to and at this time do change your plea from not guilty to guilty?

"MR. PENNY: Yes, sir.

"THE COURT: Is that your present wish?

"MR. PENNEY: Yes, sir.

"THE COURT: Are you guilty of this offense?

"MR. PENNY: Yes, sir.

"THE COURT: Has anybody given you any promises to make you change your plea?

"MR. PENNY: No, sir.

"THE COURT: Has anyone, any officer, practiced any force or threats against you to get you to change your plea?

"MR. PENNY: No, sir.

"THE COURT: You are doing so on the advice of your lawyer?

"MR. PENNY: Yes, sir.

"THE COURT: Are you satisfied with his services?

"MR. PENNY: Yes, sir.

"THE COURT: You are making this plea on your own free and voluntary will?

"MR. PENNY: Yes, sir.

"THE COURT: You realize that this is a very serious offense?

"MR. PENNY: Yes, sir.

"THE COURT: And you could draw a penalty to from five years to death in the electric chair?

"MR. PENNY: Yes, sir.

"THE COURT: And you realize that I could impose whatever sentence I think your case warrants?

"MR. PENNY: Yes, sir.

"THE COURT: Anything further?

"MR. 'A': No, sir.

"THE COURT: The Court will accept a plea of guilty in this case and will defer sentence to April 10, —— Monday, April 10, 1961, at 9 o'clock A.M. What about bond for sentence?

"MR. 'C': It is all right.

"MR. 'A': He is on a good bond.

"THE COURT: How much?

"MR. 'C': $10,000.00.

"THE COURT: The bond for sentence will be fixed in the amount of $10,000.00. The present bond is sufficient and adequate.

"MR. 'A': Yes, sir.

"THE COURT: Be back on April 10th at 9 o'clock A.M. for sentence."

Proceedings herein had under date of April 18, 1961.

"THE COURT: The State of Oklahoma vs. Harold Buster Penny, No. 26,782, charged with the crime of robbery with firearms. Let the record show that the defendant, Harold Buster Penney, has heretofore entered a plea of guilty to this charge before this court and that the matter now comes on for sentencing. And let the record further show that the defendant is present in court in person and with his attorney, Mr. 'A', and the State is present by Mr. 'C'. Now, Gentlemen, is there anything before I pronounce sentence?

"MR. 'A': No, sir.

"MR. 'C': No sir. I think you are apprised of the record.

"THE COURT: All right, it will be the judgment and sentence of the Court that the defendant, Harold Buster Penney, on his plea of guilty to this charge, be sentenced to and confined in the Oklahoma State Penitentiary at McAlester, Oklahoma, for a term of twenty years, the sentence to begin on the date of your delivery to the Warden of that institution. That is the judgment of the Court."

Petitioner relies upon the recent decision of Ward v. Page, Warden, decided by the United States District Judge, Luther Bohanon, on the 25th day of February, 1965, 238 F.Supp. 431, wherein the Honorable Luther Bohanon vacated a judgment and sentence rendered in the district court of Tulsa County, upon a finding of fact that the petitioner had been induced to withdraw his plea of not guilty, and en-

ter a plea of guilty to a charge of manslaughter after having originally been charged with murder, upon the representation that the trial court would impose punishment of forty years imprisonment, and that this would run concurrently with the unserved balance of fourteen years on a judgment and sentence entered by the district court of Murray County, Oklahoma.

The authorities cited in Ward v. Page, supra, are not inconsistent with the previous decisions of this Court which recognize that a plea of guilty, like a confession, if made under the influence of coercion, duress, or promise of benefit is involuntary and may be collaterally attacked in a habeas corpus proceeding.

We wish to make it abundantly clear that in a collateral attack by way of habeas corpus, the burden of proving coercion, duress, or promise of benefit sufficient to render a plea of guilty involuntary, and thus a nullity, rests upon the petitioner.

In the instant case, and on the record before us, notwithstanding the affidavits of Messrs. 'A' and 'B', we are of the opinion that the affidavit of Judge 'X' with the attached transcription of the proceedings on March 20, 1961 and April 18, 1961, clearly supports a finding that the petitioner, Harold Buster Penny, voluntarily withdrew his plea of not guilty and entered a plea of guilty with a full knowledge of the consequences of such plea, and that he was not induced to enter such a plea on the representation that the State would recommend a term of ten years imprisonment, and that the trial court would acquiesce in such agreement.

Trial courts of this State are urged to maintain a record of the proceedings before them, upon a change of plea from not guilty to guilty, in order to preserve a record of what actually transpired in such proceedings. This would prevent an inmate who has voluntarily entered a plea of guilty from successfully attacking the validity of the judgment and sentence in a habeas corpus proceeding long after the time for appeal has expired.

Under the facts presented in the instant case, we are of the opinion that the writ prayed for should be, and the same is, hereby denied.

BRETT, J., concurs.