William "Bill" DAVIS, #72762, Petitioner,

v.

Ray H. PAGE, Warden, Oklahoma State Penitentiary, McAlester, Oklahoma, and the State of Oklahoma, Respondents.

No. A–14100.

Court of Criminal Appeals of Oklahoma.

Sept. 13, 1967.

William "Bill" Davis, pro se.

Ed Parks, Tulsa, for petitioner at Hearing.

## MEMORANDUM OPINION

NIX, Presiding Judge.

This is an original proceeding whereby petitioner seeks his release from the penitentiary by filing an application for writ of habeas corpus. He contends that he was misled by the county attorney and entered a plea of guilty in exchange for a promise of an 18 months sentence. When he entered his plea before the trial judge, a sentence of. 7 years was imposed, the

last 5 of which was suspended upon good behavior. The record before us reflects that petitioner was charged with "Obtaining Money Under False Pretenses" in Pontotoc County. The charge arose out of a scheme by petitioner whereby he was obtaining money from lawyers to obtain fictitious compensation cases for them. In other words, petitioner would call an attorney long distance, and advise them he knew of a person who had been hurt in a hazardous occupation and was entitled to compensation; and if said attorney would wire him $25.00 expense money, he would get the injured party to hire said attorney.

This, of course, created a precarious situation—as the attorney would be subject to disciplinary action by the State Bar Association if the petitioner testified as to the facts involved.

No doubt, the state was most anxious to work out some kind of a deal with petitioner rather than get the attorney involved.

Petitioner was represented by W. B. Ward, Jr., a capable attorney from Ada, who has filed with this Court a statement wherein he negotiated a deal with the county attorney, Francis Mayhue, whereby petitioner would plead guilty and accept a sentence of 18 months in the penitentiary. Upon this promise of his attorney and the county attorney, he agreed to plead guilty. Attached to the petition is a statement by Francis Mayhue, the then county attorney, who verifies the transaction and states that the petitioner agreed to withdraw his plea of not guilty and plead guilty in exchange for a sentence of 18 months. However, as heretofore stated, when petitioner appeared before the trial judge and withdrew his plea of not guilty and entered a plea of guilty, he was sentenced to 7 years in the penitentiary, with the last 5 suspended.

Petitioner testified that when sentence was pronounced, he was shocked, and turned to his attorney and said "Do something", and his attorney replied "Be quiet, we will take care of it later". The fol-

lowing August petitioner was transported to the penitentiary at McAlester. Nothing more was done in the case. Petitioner served the 2 years and was released, as per the judgment and sentence, to do the balance of 5 years on the outside—pending good behavior. Petitioner was arrested in Midwest City on a charge of Driving while Intoxicated. Thus, the District Judge of Pontotoc County revoked his suspended sentence, and petitioner is now in the penitentiary doing the balance of the 7 years. Defendant has served approximately 37 months of the sentence, or twice as much time as he had originally agreed to serve.

■ A plea of guilty should be freely and voluntarily given. It is not likely that the plea entered in the case at bar was freely given where there was such a misunderstanding as to what sentence would be imposed.

■ In view of the county attorney's statement, we feel that petitioner had a right to rely upon his promise. Of course, he should have attempted to withdraw his plea after he had discovered the sentence was not as he was promised, but evidently he was advised to keep quiet, and it would be taken care of later.

■ The State did not attempt to re-but the facts as related by petitioner, therefore, the Court has no alternative but to take them as true.

We, therefore, are of the opinion that petitioner was denied a fundamental right and justice would be best served by considering the sentence as reduced to time served, and the petitioner be discharged from his imprisonment.

It is hereby ordered that the Warden of the State Penitentiary at McAlester, Oklahoma, is commanded to immediately release petitioner, William "Bill" Davis, #72762, from custody.

Writ granted.

The Court would like to commend Mr. Ed. Parks, Attorney at Law, Tulsa, Oklahoma,

for his presentation of petitioner's case to the Court at the hearing; having been requested by the Court at very short notice, and with no remuneration.

BUSSEY and BRETT, JJ., concur.