Edward W. LAWLER, Petitioner,

v.

Ray H. PAGE, Warden Oklahoma State
Penitentiary, Respondents.

No. A–14595.

Court of Criminal Appeals of Oklahoma.

Jan. 15, 1969.

Edward W. Lawler, pro se.

G. T. Blankenship, Atty. Gen., Hugh Collum, Asst. Atty. Gen., for respondents.

PER CURIAM:

This is an original proceeding in which Edward W. Lawler has filed a petition for a writ of habeas corpus seeking his release from his present confinement in the Oklahoma State Penitentiary under a three year concurrent sentence in Case Nos. 33559, 33682, 33683, rendered in the District Court of Oklahoma County, Oklahoma. Essentially, it is the allegation of Petitioner that the judgments and sentences are invalid in that they were entered on his plea of guilty which was involuntary due to the threat that criminal charges would be filed against his wife if he did not plead guilty.

On August 20, 1968, this Court ordered the District Court of Oklahoma County to conduct an evidentiary hearing on this

petition. Said evidentiary hearing was conducted on November 14, 1968, before the Honorable Clarence Mills, District Judge, with the State represented by William Page, assistant district attorney, and Petitioner represented by appointed counsel, Mr. Arthur Bay and Mr. James M. Renegar. At this hearing Mr. Don Anderson, who had represented Petitioner at the time of his sentencing, testified as well as the Petitioner.

Also submitted in evidence at the evidentiary hearing was the transcript of the proceedings held on October 25, 1967, where Petitioner entered his pleas of guilty and was sentenced. This transcript indicates the following: Petitioner was represented by counsel; Petitioner understood the maximum and minimum punishment on the charges; Petitioner understood he was entitled to a jury trial; Petitioner had discussed the charges with his counsel and had been advised in that regard; Petitioner acknowledged that he had not been abused, mistreated, or threatened by anyone into entering a plea of guilty; Petitioner was advised of his right to appeal and the necessary procedure therein, and that such an appeal could be at state expense if he was unable to pay for it; Petitioner expressly waived his right to have an attorney furnished for an appeal with casemade at state expense.

■ Upon a review of the transcript of the evidentiary hearing it is clear that Petitioner was represented by counsel in the proceedings prior to and at the time of his sentencing. We also find that the prosecuting authorities did not threaten or promise that criminal charges would be filed against Petitioner's wife if he did not enter a plea of guilty to the charges pending against him. Mr. Anderson, Petitioner's counsel, did relay to the Petitioner before sentencing that the assistant district attorney stated that he might have enough evidence to file charges against Petitioner's wife. However, Mr. Anderson's testimony at the evidentiary hearing made it clear that there was no agreement or promise that such charges would not be filed against Petitioner's wife if he would enter pleas of guilty.

On the evidentiary hearing the District Judge made the finding that all of the statements made on Petitioner's plea of guilty and summary of facts were true and found as a matter of law that the Petitioner was not deprived of any statutory or constitutional right.

■ In Penny v. Page, Okl.Cr., 402 P.2d 279 (1965), this court held in its syllabus as follows:

"A plea of guilty, like a confession, if made under the influence of coercion, duress, or promise of benefit is involuntary and may be collaterally attacked in a habeas corpus proceeding.

"In a collateral attack by way of habeas corpus, the burden of proving coercion, duress, or promise of benefit sufficient to render a plea of guilty involuntary, and thus a nullity, rests upon the petitioner.

"Where the record supports a finding that an accused voluntarily withdraws his plea of not guilty and enters a plea of guilty with full knowledge of the consequences of such a plea, habeas corpus will be denied."

■ In the instant case we find that the claim by Petitioner that the possibility of criminal charges being filed against his wife, if he did not enter a plea of guilty, is insufficient to constitute the inducement of an involuntary plea where the district attorney did not promise or threaten such action and where the Petitioner voluntarily entered his plea with the assistance of counsel after being fully advised of his rights and the consequences of such plea by the court.

After careful review of the transcript of the proceedings held upon sentencing of Petitioner, the transcript of evidentiary hearing held on Petitioner's petition for writ of habeas corpus and findings of the court thereon, it is apparent that there is no reason for further hearings or pro-

ceedings in this cause. Accordingly, for the reasons set forth above the petition for writ of habeas corpus is denied. Writ denied.

This application was assigned to the Referee, Mr. PENN LERBLANCE, by the Presiding Judge of this Court. The foregoing findings of fact and conclusions of law were submitted by the Referee and approved and adopted by the Court.