Joe DODSON, Jr., Petitioner,

v.

Ray H. PAGE, Warden, Oklahoma State Penitentiary and the State of Oklahoma, Respondents.

No. A–15011.

Court of Criminal Appeals of Oklahoma.

Sept. 17, 1969.

BRETT, Presiding Judge.

This is an original proceeding in which Joe Dodson, Jr., has petitioned this court for a Writ of Habeas Corpus seeking his release from the Oklahoma State Penitentiary where he is confined under judgment and sentence imposed in 1955 in Mayes County. In response to the petition, the Attorney General, on behalf of the respondents, filed a response asking for an evidentiary hearing to be conducted on the issues raised in the petition for habeas corpus.

Said hearing was conducted on April 28, 1969, in the District Court of Mayes County before the Honorable John Q. Adams, District Judge, with the petitioner present and represented by court appointed counsel, Mr. Tony Jack Lyons, and the State represented by Mr. John Tom Elliott, Assistant District Attorney. At this hearing, testimony was heard from the following witnesses: Josh J. Evans, the trial judge who sentenced the petitioner; J. Ralph Moore, the court appointed attorney who represented the petitioner; William M. Thomas, the then County Attorney who prosecuted the petitioner; Margaret Jennings, Court Reporter, Ross Clarida, Court Clerk; L. L. Weaver, Sheriff at the time of petitioner's conviction; and Mozell Thomas and Betty Prather, courthouse secretaries.

The evidence discloses that petitioner was charged in 1955 in Mayes County with the crime of forgery, Case No. CR–1602, and was incarcerated in the Mayes County Jail to await arraignment. During the interim, he and other persons escaped from the county jail on or about August 27, 1955, and was apprehended the following day. During this period of time while escaped, the alleged crime of rape took place. As a result, on September 29, 1955, three felony cases were pending against the petitioner in the District Court of Mayes County as follows: Forgery, No. CR–1602; Rape, First Degree, No. CR–1608; and Jail Break, No. CR–1609. On that day, the petitioner entered a plea of guilty to all three charges and was sentenced to seven years on a forgery charge, two years on a jail break charge, and life imprisonment for the rape charge.

When the petitioner appeared before the trial court on September 20, 1955, he requested the assistance of counsel and the court appointed Mr. Ralph Moore to represent him throughout the proceedings. From the testimony of petitioner's trial counsel, the then County Attorney, and the then District Judge, it appears that prior to the sentencing date the County Attorney offered to, and did, recommend a sentence of thirty years on the rape charge, a sentence of two years on the jail breaking, and a sentence of seven years on the forgery charge if the petitioner would enter a plea of guilty to the rape charge. The record reflects that while the petitioner's trial counsel testified that he did not specifically recommend that his client accept the County Attorney's offer, he did engage with the County Attorney in the process of "plea bargaining" on behalf of his client, and on September 29, 1955, petitioner entered his plea of guilty on the basis of the

arrangement between the defense counsel and the prosecuting attorney.

The trial judge testified that although the recommendation for sentence of thirty years on the rape charge was made by the prosecutor, he did not follow the recommendation; instead, he sentenced petitioner to life imprisonment. The judge testified the life sentence was imposed because he "had quite a criminal record" and because the life sentence only meant about a fifteen year sentence, considering how the Pardon and Parole Board applied its rules.

The record is clear and undisputed, however, that after the judge imposed the life sentence, the petitioner attempted to withdraw his plea of guilty and substitute therefor a plea of not guilty. This request was denied by the trial judge and the petitioner was forthwith remanded to the State Penitentiary where he is presently serving a life sentence.

The testimony of the then County Attorney and Sheriff, as well as court records, reveals that the signature of the prosecutrix does not appear on a complaint nor on the information; neither do the names of any witnesses appear on the information charging the crime of rape. The then County Attorney does not recall interviewing the prosecutrix, or whether or not she was ever examined by a medical physician. The Sheriff who signed the information charging the crime of rape testified that he did not talk with the prosecutrix, nor with any other witnesses, and that he signed the information based upon what someone else told him, without further investigation. Mr. Thomas, the then County Attorney, testified further that he received his information concerning the alleged rape from the Sheriff, and other law enforcement officers who captured the petitioner after his escape; and that he did not conduct a field investigation, but believed what the officers told him. The record before this Court also reveals that none of the witnesses could identify the handwriting of the person who amended the information by interlineation adding "forcibly, without her consent." Most specifically, neither the County Attorney, nor the trial judge, admitted making the amendment to the information.

At the close of the evidentiary hearing, the presiding judge, the Honorable John Q. Adams, made the following findings:

"It is concluded that on the evidence produced at the Evidentiary Hearing that if there was a Rape that it was not aggravated and that the Prosecutrix evidently did not appear and most certainly did not sign the complaint. That the defendant was represented by, then, an inexperienced defense counsel, that the recommendation of the County Attorney was excessive as was the sentence imposed by the Court."

We also note an exhibit, attached to the petition filed in this Court, a letter dated December 13, 1966, written by Mr. Carl W. Longmire and addressed to Mr. Tex Bynum of the Oklahoma Pardon and Parole Board, which states in part as follows:

"In my opinion Mr. Dodson's civil rights were violated by both the County Attorney and the District Judge and that under the recent holdings of the Supreme Court of the United States Mr. Dodson would be entitled to a new trial."

At the time petitioner was charged, Mr. Longmire was the County Judge before whom the original complaint was filed. When he wrote the letter to Mr. Bynum, he was serving as County Attorney for Mayes County.

■ The rule of law applicable in the instant case was stated by this Court in Penny v. Page, Okl.Cr., 402 P.2d 279:

"A plea of guilty, like a confession, if made under the influence of coercion, duress, or promise of benefit is involuntary and may be collaterally attacked in a habeas corpus proceeding." 402 P.2d, at 280.

■■ This rule of law is familiar both in Oklahoma and in other jurisdictions. The law favors a trial on the merits by a jury, and all courts should so administer

the law and construe the rules of practice so as to secure a hearing on the merits if possible. The withdrawal of a plea of guilty should not be denied in any case where it is evident that the ends of justice will be served by permitting a withdrawal of a plea of guilty and substituting a plea of not guilty. In Conley v. State, Okl.Cr., 444 P.2d 252, this Court provided in the third paragraph of the syllabus:

"Where it reasonably appears a plea of guilty was influenced by a person in apparent authority which has led a defendant to believe that by entering such a plea, his punishment would be mitigated; he should be permitted to withdraw his plea of guilty and enter a plea of not guilty."

See also: People v. Riebe, 40 Ill.2d 565, 241 N.E.2d 313 (1968); Ward v. Page, 238 F.Supp. 431 (W.D.Okl.1965), and American Bar Association Minimum Standards for the Administration of Criminal Justice: Pleas of Guilty, Revised Standards, § 3.3, 2.1.

◼ In view of the record before this Court, we must conclude that the petitioner did not freely and voluntarily enter a plea of guilty believing that he would receive a sentence of thirty years on the rape charge, which would run concurrently with the other two charges confronting him. Hence, we must conclude that the plea was thereby induced because of a misunderstanding which resulted from the County Attorney's proposed recommendation of leniency, which was not fulfilled when the trial court imposed a life sentence on the rape charge, and then denied petitioner's request to withdraw his plea of guilty. Accordingly, the trial court was without jurisdiction to impose the judgment and sentence of September 29, 1955, in the District Court of Mayes County, Oklahoma, in Case No. CR–1608, sentencing petitioner, Joe Dodson, Jr., to life imprisonment for the crime of rape in the first degree. It is therefore ordered that the Writ of Habeas Corpus be granted and that petitioner be released from further confinement by vir-

tue of the judgment and sentence entered in that case. It is further ordered that the petitioner, Joe Dodson, Jr., be returned to the District Court of Mayes County, Oklahoma, for the proper disposition of the alleged charge of rape in the first degree, in accordance with due process of law.

It is the further order of this Court that the time petitioner has served in the state penitentiary shall be credited toward the fulfillment of the judgments and sentences imposed in the District Court of Mayes County, Oklahoma, on September 29, 1955, in that court's Case No. CR–1602 and Case No. 1609. Writ granted.

This application was referred to the Court Referee, Mr. Penn Lerblance, for hearing and finding of fact.

NIX, J., concurs.

BUSSEY, J., not participating.