John Walter BUCKLEY, Petitioner,

v.

Ray H. PAGE, Warden, Oklahoma State
Penitentiary, Respondent.

No. A–15720.

Court of Criminal Appeals of Oklahoma.

Feb. 18, 1970.

Don Anderson, Oklahoma City, for petitioner.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

This is an original proceeding on the "Application of John Walter Buckley for Post Conviction Relief" alleging that his plea of guilty was involuntary and that the sentence resulting therefrom was imposed in violation of petitioner's constitutional rights. Oklahoma does not have a "post-conviction relief" statute as has been adopted in other states and as recommended by the American Bar Association. But since petitioner's application attacks the legality of his imprisonment, it will be considered in the nature of habeas corpus.

Petitioner was charged in the District Court of Oklahoma County with robbery by firearms, Case No. CRF–69–1185. It appears that as a result of plea bargaining between petitioner's counsel and the prosecution, it was agreed that if petitioner would enter a plea of guilty, the prosecution would recommend to the court a sentence of sixteen years imprisonment with the last four years suspended. Petitioner was informed of this agreement, and relying upon such, entered a plea of guilty on September 15, 1969. The prosecution made said recommendation and the trial court sentenced petitioner accordingly on September 19, 1969. All parties involved in the sentencing, the petitioner, the prosecution, defense counsel, and the trial court were of the opinion that such sentence was legal and valid.

In State v. Smith, 83 Okl.Cr. 188, 174 P.2d 932 (1946), this court held:

"Statute authorizing court to suspend sentence does not authorize the suspension of just a portion of the judgment and sentence, but if suspension is granted it must be of entire judgment." 174 P.2d, at 933.

However, the legislature in 1963 amended Section 991 of Title 22, which authorized suspended sentences, to include the following language:

"Further, the Judge may order any person so convicted to serve such part of the sentence as the Trial Court shall determine fit and proper and suspend the balance of the sentence during good behavior and may order him to pay the costs." O.S.L.1963, ch. 333.

With the passage of the Oklahoma Corrections Act of 1967, the legislature expressly repealed 22 O.S.1961, § 991. Under this 1967 Act, the authority of a court at sentencing was provided as follows:

"Whenever a person is convicted of any crime, except when the death sentence is imposed, the court may:

"(1) Suspend the imposition or execution of sentence with or without probation, or

"(2) Place such convicted person on probation, or

"(3) Impose a fine as provided by law for the offense, with or without probation or commitment, or

"(4) Commit such person for confinement as provided for by law.

"Subsections (1), (2) and (3) hereof shall not apply upon the third or subsequent conviction of a felony."

This provision, Chapter 261, § 20, O.S.L. 1967 (57 O.S.Supp.1967, § 520), is now recodified as 22 O.S.Supp.1969, § 991a. Chapter 204, O.S.L.1968.

It thus appears that the legislature, either intentionally or through oversight, has removed the authority of a sentencing court to suspend a portion of the sentence imposed. Although there is much argument in favor of such a policy, it is a matter within legislative prerogative. Thus, until changed by legislative act, the courts upon sentencing are, as they were prior to 1963, without the authority to suspend a portion of the sentence imposed. Accordingly, the order of a trial court suspending a portion of the sentence imposed, rather than the entire sentence, is to be considered as surplusage and disregarded.

State v. Smith, supra. 24 C.J.S. Criminal Law § 1586. Cote v. Cummings, 126 Me. 330, 138 A. 547 (1927).

A sentence cannot be modified on application for habeas corpus. Brown v. State, Okl.Cr., 423 P.2d 743 (1967). In Penny v. Page, Okl.Cr., 402 P.2d 279 (1965), this court held:

"A plea of guilty, like a confession, if made under the influence of coercion, duress, or promise of benefit is involuntary and may be collaterally attacked in a habeas corpus proceeding." 402 P.2d, at 280.

In Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473, the United States Supreme Court held:

"A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void." 368 U.S., at 493, 82 S.Ct. at 513.

This court in Davis v. Page, Okl.Cr., 431 P.2d 951 (1967), held that a guilty plea entered because of an "unfulfilled promise" was involuntary and granted habeas corpus release. See also In re Ellis, Okl.Cr., 383 P.2d 706 (1963); Application of Kinnison, Okl.Cr., 335 P.2d 645 (1959); Ward v. Page, 238 F.Supp. 431 (W.Okl.1965).

It is apparent that petitioner entered his plea of guilty upon representations made to him regarding the sentence which were not capable of being fulfilled, although through no intentional fault of the participants at sentencing. This erroneous understanding of the law and incorrect representation to the petitioner deprives his plea of the character of a voluntary act. Accordingly, the court sustains the request of the petitioner, joined by the Attorney General, that the judgment and sentence be set aside and petitioner released from confinement under said judgment and sentence, subject to further proceedings in the district court. It is therefore ordered that the judgment and sentence imposed in the District Court of Oklahoma County, Case No. CRF–69–1185, sentencing John Walter Buckley to sixteen years imprisonment with the last four suspended, be set aside and the cause remanded to the district court for further proceedings.

This application was referred to the Court Referee and approved by Presiding Judge Brett and Judge Bussey.

Writ granted.

BRETT, P. J., and BUSSEY, J., concur.

NIX, Judge (dissenting):

I dissent in the above opinion by my learned colleagues for the reason that I strongly feel that a District Judge is invested with inherent power to suspend all or any part of the sentence imposed by him.