Arley WARD, Petitioner,

v.

Park ANDERSON, Warden, Oklahoma
State Penitentiary, Respondent.

No. A–16690.

Court of Criminal Appeals of Oklahoma.

June 14, 1972.

Arley Ward, pro se.

Larry Derryberry, Atty. Gen., Raymond Naifeh, Asst. Atty. Gen., for respondent.

## OPINION

BRETT, Judge:

This is an original proceeding in which Arley Ward has petitioned this Court for a writ of habeas corpus. It is petitioner's contention that if he were given credit for certain periods of incarceration served on

other convictions that he would be entitled to release from his present term of confinement of forty (40) years imposed in the District Court of Tulsa County for the offense of manslaughter. Specifically, the defendant seeks credit for 23 months and 14 days served on a 1929 sentence from Pontotoc County, Case No. 2091; 8 months and 5 days on a 1933 sentence served from Case No. 1150 from Murray County; 7 months and 1 day on a term of imprisonment from Garvin County, Case No. 1757; and 6 years, 7 months and 2 days while confined in federal penal institutions. This total amount of 117 months and 22 days petitioner seeks to have credited towards fulfillment of the judgment and sentence imposed in the District Court of Tulsa County on the manslaughter conviction.

It might be well to review the judicial proceedings occurring prior to consideration of petitioner's application now before this Court. In 1947, the petitioner was sentenced to 40 years imprisonment in the District Court of Tulsa County on his plea of guilty to manslaughter, which judgment and sentence was affirmed by this Court. Ward v. State, 90 Okl.Cr. 120, 210 P.2d 790 (1949). Thereafter petitioner made application to this Court for a writ of habeas corpus, Case No. 13002, which was denied. Ward v. Raines, Okl.Cr., 360 P.2d 953 (1961). Petitioner then filed in the United States District Court for a writ of habeas corpus which was denied; but on appeal to the United States Court of Appeals it was remanded back to the United States District Court for further proceedings. Ward v. Page, 336 F.2d 602 (10th Circuit, 1964). The United States District Court then found that petitioner had not voluntarily entered a plea of guilty in Tulsa County in 1947, and that habeas corpus should be granted if the State of Oklahoma did not act to correct this error. Ward v. Page, 238 F.Supp. 431 (Okl.1965).

Prior to petitioner's release on the federal habeas corpus, the State of Oklahoma returned petitioner to Tulsa County and brought him to trial on a charge of murder as stated in the initial information. Upon

this trial in 1965, the petitioner was found guilty by a jury verdict and sentenced to life imprisonment. An appeal of the judgment and sentence was perfected to this Court in Case No. A-14,002. On July 31, 1968, this Court affirmed the conviction but modified the sentence from life imprisonment to a term of forty (40) years. Ward v. State, Okl.Cr., 444 P.2d 255 (1968). On approximately January 21, 1969, the United States Supreme Court denied certiorari of this conviction. 393 U.S. 1040, 89 S.Ct. 665, 21 L.Ed.2d 588.

This Court's decision of July 31, 1968, affirming the Tulsa County manslaughter conviction but modifying the sentence, also ordered that the petitioner be given credit on his sentence for the time previously served in the penitentiary on the initial 1947 conviction. On March 26, 1969, this Court entered an order denying petitioner's request for a writ of habeas corpus, our Case No. A-15,012, upon the finding that the petitioner had been given credit at the penitentiary for the time served on a 1949 conviction, and that petitioner was not entitled to time served in a federal penitentiary or while he had escaped from the Oklahoma State Penitentiary. Our order of March 26, 1969 in Case No. A-15,012 also found petitioner's claim of former jeopardy to be without merit.

In the petition now before this court the petitioner seeks to be granted credit as a deduction from his forty-year sentence for manslaughter from Tulsa County, the time served previously for the 1929 Pontotoc County conviction, the 1933 Murray County conviction, the 1934 Garvin County conviction, and his confinement in the custody of the United States Attorney General. Defendant specifically argues that at the time he was received at the penitentiary in 1947 on the Tulsa manslaughter conviction he was forced to first complete a previous sentence where the parole had been revoked. There is no evidence that the parole revocation was improper, and the law requires that a penitentiary inmate serve the first sentence im-

posed before serving a subsequently imposed sentence. See Dodd v. Page, Okl. Cr., 449 P.2d 897 (1969). Upon reviewing the allegations in the petition herein we find that there is no basis to grant petitioner credit for the penal confinement for convictions wholly unrelated to petitioner's present sentence from Tulsa County.

Petitioner's further allegation that he is 63 years of age and in poor health is a matter properly addressed to the Pardon and Parole Board for executive clemency, and states no basis in law for modification of his sentence. We therefore conclude that the petition for habeas corpus should be, and the same is hereby, denied.

BUSSEY, P. J., concurs.

SIMMS, J., not participating.